# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-KA-01156-SCT

*DARYL SHINN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/22/2013 |
| TRIAL JUDGE: | HON. LEE SORRELS COLEMAN |
| TRIAL COURT ATTORNEYS: | MARK JACKSON |
| | CARRIE JOURDAN |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: MELANIE THOMAS |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/04/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     Daryl Shinn was convicted of armed robbery and sentenced to twenty years in prison. He appeals to this Court, arguing that his conviction was contrary to the overwhelming weight of the evidence. We disagree and affirm his conviction.

## FACTS AND PROCEDURAL HISTORY

¶2. On June 12, 2011, Tiya's Market in Columbus was robbed at gunpoint. After speaking with store employees and another eyewitness, the police developed Shinn as a suspect. They showed the store cashier a photo lineup, and she identified Shinn as the gunman. Shinn's mother gave permission to search her home (where Shinn resided), and the police recovered clothing from under Shinn's mattress that matched the description of that detailed by the eyewitnesses. Shinn was arrested and indicted for armed robbery in violation of Mississippi Code Section 97-3-79. He was tried on May 20-22, 2013, and the jury found him guilty.

¶3. At trial, the State presented five witnesses in its case-in-chief: store employees Christine Collins and Arthur Harrison, bystander eyewitness Tomeeker Drake, and Investigators Terry Dentry and L.C. Cockrell. After the State rested its case-in-chief, Shinn requested a directed verdict, which the trial court denied. Shinn then presented four witnesses in his defense: Javaris Cox, Malcom Turner, Travis Barker, and Mary Shinn. The State presented a brief rebuttal after the defense rested, recalling Investigators Dentry and Cockrell and calling Police Chief Selvain McQueen.

¶4. Shinn renewed his motion for directed verdict, which the trial judge again denied. After deliberation, the jury found Shinn "guilty as charged." The judge sentenced Shinn to twenty years in prison, to run consecutively with the sentence he was already serving.[1]

---

[1]Shinn's previous conviction was for armed robbery as well. It appears from the record that he pleaded guilty to the previous charge and was serving time on that charge during his 2013 trial.

Shinn filed a Motion for Judgment Notwithstanding the Verdict, or, In the Alternative, For a New Trial, which the trial judge denied. Shinn now appeals, arguing one point of error – that his conviction was contrary to the overwhelming weight of the evidence.

## STANDARD OF REVIEW

¶5. "A motion for a new trial challenges the weight of the evidence." *Taylor v. State*, 110 So. 3d 776, 784 (Miss. 2013). "A motion for a new trial should be granted only in 'exceptional cases in which the evidence preponderates heavily against the verdict.'" *McLymont v. State*, 118 So. 3d 148, 150 (Miss. 2013). "'When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.'" *Id.* "This occurs only if reasonable men could not have found the defendant guilty based on the evidence when it is viewed in the light most favorable to the verdict." *Flowers v. State*, __ So. 3d __, 2013 WL 264583, at *2 (Miss. Jan. 24, 2013).

## ANALYSIS

¶6. We find that Shinn's conviction certainly does not rise to the level of an "unconscionable injustice." Christine Collins testified unequivocally that Shinn was the robber. While some might question Collins's ability to identify Shinn simply from his previous visit to the store, it is not this Court's duty to determine her credibility: "'Credibility is a question of fact that must be decided by the jury. Indeed, this Court consistently holds that decisions as to the weight and credibility of a witness's statement are the proper province of the jury, not the judge.'" *Watkins ex rel. Watkins v. Mississippi Dep't of Human Servs.*,

3

132 So. 3d 1037 (Miss. 2014) (citations omitted). And Collins was able to pick Shinn out of a photo line-up following the crime.

¶7. Tomeeker Drake also testified unequivocally that Shinn was the robber. While Drake may have been inconsistent on the details of Shinn's clothing and whether she knew where the gun was, she never wavered in her identification of Shinn as the gunman. She testified clearly that she knew Shinn prior to the robbery, that she "knew him when she saw him," and that he was the individual coming out of Tiya's with a gun. Shinn argues that Drake's testimony is unreliable because she waited a few days after the robbery to contact police, and only after she realized she would get a reward. But again, it is not this Court's duty to determine the credibility of witnesses. The jury was made aware that Drake received a reward for her information and apparently found her reliable regardless of that fact.

¶8. Investigator Cockrell testified that Collins was able to pick Shinn out of a photo line-up, and both he and Investigator Dentry testified that they found a green hat and a green shirt under Shinn's mattress during the search of his residence.

¶9. Shinn did offer three alibi witnesses in his defense. But the problem with those witnesses is that they could not remember the day and time that the officers came by, when the witnesses could confirm that Shinn was present. In contrast, the State offered uncontroverted testimony that Selvain McQueen canvassed the neighborhood the day *after* the robbery and talked with Malcolm Turner – a conversation that Turner confirmed. And, although Mary Shinn testified that she told Investigator McQueen that Shinn was home during the robbery, she too seemed to be confused about the day, as she equated the day of the robbery with the day that Investigator McQueen stopped by her house.

4

**CONCLUSION**

¶10.  Based on all of the testimony and evidence in this case, further detail of which is unnecessary for purposes of this opinion, we find that Shinn's conviction is not "so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice," and we affirm the judgment of the Lowndes County Circuit Court.

¶11.  **CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.  SENTENCE IS TO RUN CONSECUTIVELY TO ANY SENTENCE CURRENTLY BEING SERVED IN CAUSE NO. 2010-0481-CR1C. APPELLANT SHALL PAY ALL COSTS OF COURT.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**